IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:12-CV-957-WKW ) |
| PRICEWATERHOUSECOOPERS, LLC, and CROWE HORWATH, LLP | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In resolving the defendants' original motions to dismiss, the court issued a Memorandum and Order (Doc. #52) allowing the plaintiff Federal Deposit Insurance Corporation ("FDIC") the opportunity to amend the complaint to allege facts connecting the "double- and triple-pledging" fraud to defendants' auditing services. The FDIC filed the Second Amendment Complaint with an expanded paragraph 21 (Doc. #53). Defendants PricewaterhouseCoopers, LLP ("PwC") and Crowe Horwath, LLP ("Crowe") again move to dismiss (Docs. #58 and #60) FDIC's claims to the extent that those claims seek recovery of damages from the double- and triple-pledging fraud scheme alleged in the Second Amended

Complaint. The parties have briefed the issue, and the motions are ripe for resolution. The motions are due to be denied.

## I.  JURISDICTION AND VENUE

The court has original jurisdiction over actions brought by the FDIC pursuant to 12 U.S.C. §§ 1345, 1819(b). The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are unnecessary, the standard demands "more than labels and conclusions," something beyond a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. It is not enough for a plaintiff to allege that it is entitled to relief; it must plead facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## III.  BACKGROUND

Defendants previously challenged the notion that their audits were the proximate cause of damages, and specifically the damages resulting from the double- and triple-pledging fraud. This court stated:

> PwC argues that Colonial has not adequately alleged that PwC's audit caused the Bank's losses. Where reasonable inferences support a plaintiff's theory, proximate cause is question for a jury. *Wilbanks v. United Refractories, Inc.*, 112 So. 3d 472, 475 (Ala. 2012) (analyzing inadequate proximate cause as a basis for motion for summary judgment). Taking the FDIC's allegations as true, as it must on a Rule 12(b)(6) motion to dismiss, the court finds that the FDIC has adequately alleged that PwC caused the Bank's losses. (*See, e.g.,* Doc. # 29 ¶¶ 37, 42, 44, 48 (alleging means by which PwC's audit should have revealed accounting discrepancies suggestive of fraud).)
>
> With respect to the allegations found in Paragraph 21 of the FDIC's Amended Complaint, however, the FDIC must replead. The allegations are thin and offer no supporting facts connecting the double- and triple-pledging fraud alleged in Paragraph 21 to PwC's audit. The FDIC shall have ten days to amend its complaint and replead these allegations with supporting facts, if supporting facts exist.

(Doc. #52, p. 17). FDIC filed a Second Amended Complaint, in which it greatly expanded the factual allegations that support the claim that Defendants' audits resulted in double- and triple-pledging as a continuation of the multi-phasic, single fraud scheme (compare Doc. #53, ¶21(a) through (g), to Doc. #29, ¶21). Defendants filed the instant motions to dismiss, arguing that the new allegations do not show that PwC's 2007 audit (and Crowe's 2006 and 2007 auditing services)

produced the double- and triple-pledging fraud "in a natural and continuous sequence." *Gooden v. City of Talladega*, 966 So. 2d 232, 239 (Ala. 2007).

## IV.  DISCUSSION

The sole issue is whether the Second Amended Complaint alleges facts to support the allegations that Defendants' audits were the proximate cause of the double- and triple-pledging losses suffered by Colonial several months after the completion of the audits. The defendants argue that, to establish causation, damages must flow in a "natural and continuous sequence" from the alleged wrongdoing. Specifically, they claim that the double- and triple-pledging damages were incurred by Colonial several months after their auditing services; their auditing services could not have uncovered such fraud; and thus the damages did not flow continuously from the audits.

In negligence claims, "[p]roximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." *Gooden*, 966 So. 2d at 239. A "natural and continuous sequence" means "unbroken by any new independent causes." Subsequent causes of injury, such as fraudulent or criminal acts of a third person, are not "new independent causes" that intervene or break the chain of causation, unless those subsequent causes are unforeseeable by the defendant. *Thetford v. City of Clanton*, 605 So. 2d 835, 840 (Ala. 1992).

The notion of foreseeability is key to a proximate cause analysis. *Gen. Motors Corp. v. Edwards*, 482 So. 2d 1176, 1194 (Ala. 1985). There can be no liability where "the resulting injury could not have been reasonably anticipated by the defendant. Foreseeability does not require that the *particular* consequence should have been anticipated, but rather that some *general* harm or consequence could have been anticipated." *Thetford*, 605 So. 2d at 840 (emphasis added).

FDIC's theory of negligence is not that the defendants failed to detect the double- and triple-pledging fraud. Rather, FDIC's theory is that the defendants failed to discover existing fraud at the time of their auditing services, which permitted the continuation of the fraudulent scheme, albeit through different means. The facts alleged in the Second Amended Complaint support this theory. It is plausible that the defendant auditors should have reasonably anticipated that a general fraudulent scheme would continue if their allegedly faulty auditing services failed to detect existing wrongdoing. *See, e.g., In re Gouiran Holdings, Inc.*, 165 B.R. 104, 106 (E.D.N.Y. 1994). Negligence law does not require FDIC to prove that the defendants knew or should have known that the fraud would take the particular form of double- or triple-pledging. *Thetford*, 605 So. 2d at 840. Accordingly, taken as true at this stage of the case, the facts alleged in paragraph 21(a) through (g) now show a plausible connection between the defendants' audits

5

and the damages suffered by Colonial Bank as a result of the double- and triple-pledging fraud.

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendants' Motions to Dismiss (Docs. #58 and #60) are DENIED.

DONE this 15th day of July, 2014.

                                         /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE